**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS


FOR THE NINTH CIRCUIT

RAQUEL ELIZETTE HERNANDEZ-
DIAZ; ESTEVEN ROJAS-HERNANDEZ,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-3355

Agency Nos.
A208-990-759
A208-990-740

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 20, 2025**
Pasadena, California

Before: GRABER, WARDLAW, and JOHNSTONE, Circuit Judges.

Raquel Elizette Hernandez-Diaz and her minor child ("Petitioners"), natives

and citizens of El Salvador, seek review of a decision by the Board of Immigration

Appeals ("BIA") dismissing an appeal from an order of an immigration judge

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("IJ") denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. "In reviewing the BIA's decisions, we consider only the grounds relied upon by that agency." *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021). We review denials of asylum, withholding of removal, and CAT relief for substantial evidence and must uphold them unless the evidence compels a contrary conclusion. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We deny the petition.

     1.     The BIA determined that Petitioners did not meaningfully challenge the IJ's findings that Hernandez-Diaz had not established past persecution in El Salvador or that Salvadoran authorities were unable or unwilling to protect her from persecution. The BIA thus concluded those arguments were waived. Before us, Petitioners fail to meaningfully contest the waiver determination.[1] Thus, Petitioners have forfeited any argument that the BIA's waiver determination was erroneous. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (deeming an issue forfeited, and declining to consider that issue, when not specifically and distinctly argued in the opening brief).

---

[1] Petitioners also fail to meaningfully challenge the agency's determination that Hernandez-Diaz did not establish that relocation within El Salvador to avoid future persecution is unreasonable or unsafe. Thus, this issue is also forfeited. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022).

2.    The agency's denial of CAT relief is supported by substantial evidence.  Hernandez-Diaz has not demonstrated "that it is more likely than not that [she] will face a *particularized* and *non-speculative* risk of torture."  *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) (citation omitted).  The country conditions evidence regarding the strength and sophistication of Salvadoran gangs and the corruption of the Salvadoran government is insufficient to compel the conclusion that Hernandez-Diaz would face torture in El Salvador.  *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706–07 (9th Cir. 2022) (denying petition for review because country conditions evidence acknowledging "crime and police corruption in Mexico generally" did not demonstrate that the petitioner faced a "particularized, ongoing risk of future torture").  Hernandez-Diaz's CAT claim is further undermined by the fact that she spent time in San Salvador without incident, as well as the fact that several of Hernandez-Diaz's similarly-situated family members remain in El Salvador unharmed.  *See id.* at 704–05 (finding that petitioner's ability to safely relocate justified denial of CAT relief); *Blandino-Medina v. Holder*, 712 F.3d 1338, 1348 (9th Cir. 2013) (denying CAT relief in part because the CAT applicant "had not presented evidence that similarly-situated individuals are being tortured").

3                                        24-3355

**PETITION DENIED.**[2]

---

[2] Petitioners' Motion to Stay Removal (Dkt. No. 2) is denied as moot. The temporary stay (Dkt. No. 10) will dissolve when the mandate issues.

24-3355